1-25-24
1:55 PM
W # 613

**EXHIBIT "B"**

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY,
FLORIDA

**JEREMY BUSBY,**

    Plaintiff,

CASE NO.: 23-CA- 1073
FLA BAR NO.: 0739685

v.

**BOB JOHNSON in his Official Capacity
as SHERIFF, SANTA ROSA COUNTY,
JOHN DOE I, and JOHN DOE II,**

    Defendants.
_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **BOB JOHNSON in his Official Capacity
    as SHERIFF, SANTA ROSA COUNTY
    5755 EAST MILTON ROAD
    MILTON, FL 32583**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on  December 6 , 2023.

CLERK OF THE CIRCUIT COURT

By: _____Amanda Watson_____

Electronically Filed Santa Rosa Case # 23001073CAMXAX 12/06/2023 04:30:42 PM

**EXHIBIT "B"**

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY,
FLORIDA

**JEREMY BUSBY,**

    Plaintiff,

v.

CASE NO.: 23-CA-
FLA BAR NO.: 0739685

**BOB JOHNSON in his Official Capacity
as SHERIFF, SANTA ROSA COUNTY,
JOHN DOE I, and JOHN DOE II,**

    Defendants.

_____/

## COMPLAINT

Plaintiff, JEREMY BUSBY hereby sues Defendants, BOB JOHNSON in his official capacity as SHERIFF, SANTA ROSA COUNTY, JOHN DOE I, and JOHN DOE II, and alleges:

### NATURE OF THE ACTION

1. This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida, and through 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

2. This is an action involving claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00).

# EXHIBIT "B"

## PARTIES

3. At all times pertinent hereto, Plaintiff, JEREMY BUSBY has been a resident of SANTA ROSA County, FL. He is *sui juris*.

4. At all times pertinent hereto, Defendant, BOB JOHNSON, in his official capacity as Sheriff, SANTA ROSA, COUNTY, FLORIDA, operated the SANTA ROSA COUNTY SHERIFF'S OFFICE. His office and the events alleged herein occurred within the jurisdictional boundaries of this court.

5. At all times pertinent hereto, Defendant, JOHN DOE I, was a deputy with Defendant Sheriff and is believed to reside within Santa Rosa County. He is *sui juris*.

6. At all times pertinent hereto, Defendant, JOHN DOE II, was a deputy with Defendant Sheriff and is believed to reside within Santa Rosa County. He is *sui juris*.

## CONDITIONS PRECEDENT

7. Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein, were submitted to Defendant Sheriff pursuant to 768.28(6), Florida Statutes.

## STATEMENT OF THE ULTIMATE FACTS

8. On February 13, 2022, Plaintiff was pulled over and arrested on suspicion of DUI and taken into custody peacefully without resisting in any way.

9. Upon Plaintiff's arrival to the Santa Rosa County Jail Correctional Officers demanded that Plaintiff provide a blood sample. Plaintiff refused and was then placed without provocation into a restraint chair and pushed into a part of the jail without camera surveillance, where he was beaten by John Doe I and John Doe II to the point of fracturing his left clavicle.

**EXHIBIT "B"**

10. Plaintiff suffered a black eye, cuts on his face, extensive bruising, and large lump on the back of his head. John Doe I and John Doe II also sprayed Plaintiff with pepper spray and rubbed it in his eyes, and hosed Plaintiff down with water. Plaintiff has permanent disfigurement.

11. On February 13, 2022, Plaintiff was then placed in a holding cell for 10 hours where he persisted in requesting medical treatment and was repeatedly denied. After ten hours in the holding cell, Sergeant Castro sent Plaintiff to the emergency room.

12. Deputy Hart drove Plaintiff to Santa Rosa Medical Center. After Plaintiff received X-rays, the Physician's Assistant with the Medical Center told Plaintiff "clearly you got the shit beat out of you and we need to operate immediately because you have shattered bone fragments around your jugular vein" in the presence of Deputy Hart. Deputy Hart called Sergeant Castro and said, "hey Sarge it's pretty bad". Plaintiff refused to have the emergency surgery as he was aware that Santa Rosa Medical Center as he wanted to have surgery to West Florida Hospital. Deputy Hart took Plaintiff back to the jail where Plaintiff bonded out. Immediately after leaving the jail, he went straight to West Florida Hospital to have the emergency surgery with Richard Sellers, M.D.

13. In March 2022, Plaintiff's bond was revoked and he arrested and taken to Escambia County Jail and then approximately five days later Plaintiff was taken to Santa Rosa County Jail. While their Plaintiff was seen by a mental health counselor who refused to give Plaintiff his anxiety medication (that he was prescribed after he was beaten by correctional officers at Santa Rosa County Jail on February 13, 2022). Plaintiff said, "if you're not going to give me my medication then let me go back into the dorm". The mental health counselor responded and said, "you will go in when the fuck I say you can, you will go back in the dorm when I say you can, this is why you

3

**EXHIBIT "B"**

got the shit beat out of you." The mental health counselor made this statement in the presence of Deputy Owens.

14. Plaintiff has retained the undersigned to represent her interests in this case and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and all costs associated with this action.

COUNT I
**COMMON LAW NEGLIGENCE**
Against Defendant SHERIFF BOB JOHNSON

15. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

16. This count sets forth a claim against Defendant SHERIFF BOB JOHNSON for common law negligence. Defendant SHERIFF BOB JOHNSON knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees.

17. Defendant SHERIFF BOB JOHNSON owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant SHERIFF BOB JOHNSON and/or Defendant SHERIFF BOB JOHNSON had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto to ensure that Plaintiff was not mistreated by Defendant Johnson's employees. Alternatively, legal duties devolved upon Defendant SHERIFF BOB JOHNSON because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

18. Defendant SHERIFF BOB JOHNSON further breached its duty to properly supervise its employee and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal and/or tortious activity.

19. The actions of Defendant SHERIFF BOB JOHNSON and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking

4

**EXHIBIT "B"**

or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

20. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt and other tangible and intangible damages, all because of the actions of Defendant SHERIFF BOB JOHNSON and is therefore entitled to compensatory damages. These damages have occurred in the past, at present and will certainly occur into the future.

## COUNT II
## BATTERY
### Against Defendant SHERIFF BOB JOHNSON

21. Paragraphs 1 through 13 are realleged and incorporated herein by reference.

22. This count sets forth a claim against Defendant SHERIFF BOB JOHNSON for common law battery. For the purpose of this Count alone, Defendant's agents were acting inside the course and scope of employment with Defendant SHERIFF BOB JOHNSON.

23. Plaintiff is entitled to relief against Defendant SHERIFF BOB JOHNSON in that through its officers, employees and agents, Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in Defendant's agents battered Plaintiff, hit him and caused Plaintiff to sustain injuries. Defendant SHERIFF BOB JOHNSON, through its agents and/or employees, intended to hit, push and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant SHERIFF BOB JOHNSON, through its agents' and/or employees' touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant SHERIFF BOB JOHNSON intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

**EXHIBIT "B"**

24. Defendant SHERIFF BOB JOHNSON conducted no independent investigation into whether any criminal conduct had occurred. Defendant SHERIFF BOB JOHNSON ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

25. The actions by Defendant's agents were committed as agents of Defendant SHERIFF BOB JOHNSON and were committed within the course and scope of his employment/agency with Defendant SHERIFF BOB JOHNSON.

26. As a direct and proximate cause of Defendant SHERIFF BOB JOHNSON's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT III
## BATTERY
### (Against Defendant JOHN DOE I)

27. Paragraphs 1 through 13 are realleged and incorporated herein by reference.

28. This count sets forth claims against Defendant for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant JOHN DOE I was acting outside the course and scope of employment with Defendant SHERIFF BOB JOHNSON.

29. Plaintiff is entitled to relief against Defendant JOHN DOE I in that Defendants, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendants intended to batter the Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendants without any justification. Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

**EXHIBIT "B"**

30. Defendant JOHN DOE I acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

31. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT IV**
**BATTERY**
**(Against Defendant JOHN DOE II)**

32. Paragraphs 1 through 13 are realleged and incorporated herein by reference.

33. This count sets forth claims against the Individual Defendants for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant JOHN DOE II was acting outside the course and scope of employment with Defendant SHERIFF BOB JOHNSON.

34. Plaintiff is entitled to relief against Defendant JOHN DOE II in that Defendants, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendants intended to batter the Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendants without any justification. Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

35. Defendant JOHN DOE II acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

36. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the

**EXHIBIT "B"**

enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT V
### EIGHTH AMENDMENT VIOLATION-EXCESSIVE FORCE
(Against SHERIFF BOB JOHNSON)

37. Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count. This count is pled in the alternative.

38. This count sets forth a claim against Defendant for violation of the Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983. Defendant is a person under the applicable law.

39. Defendant, through its custom and practice of using excessive force against detainees like Plaintiff, used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause or lawful authority.

40. Defendant intended to damage Plaintiff, in that its harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

41. The Defendant acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourteenth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

42. Defendant is liable, jointly and severally, to Plaintiff, for its conduct, individually and in concert, in violating Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

43. Defendant's misused their power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

**EXHIBIT "B"**

44. The foregoing actions of Defendant were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

45. The use of excessive force by Defendant is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a criminal offense, and determines a cognizable claim in violation of the Fourteenth Amendment.

46. Defendant knew or should have known that its actions against Plaintiff were excessive given the clearly established law.

47. Based upon the facts presented to Defendant and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for throwing Plaintiff down on the ground and injuring his face. The law was settled and clearly established that the actions of Defendant constituted excessive force under the Fourteenth Amendment at the time the acts were engaged in.

48. The actions or inactions of Defendant, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendant knew of and disregarded Plaintiff's rights, and thus Defendant's actions or inactions constituted the use of excessive force in violation of the Eighth Amendment.

49. Defendant was acting under color of state law at all pertinent times. Its use of excessive force violated the proscription thereof set forth in the Fourteenth Amendment. Defendant misused its power, possessed by virtue of state law and made possible only because of the authority of state law.

50. Defendant SHERIFF BOB JOHNSON is liable to Plaintiff hereunder due to the deliberate indifference of its training of its employees in proper police practices and the fact that a custom and practice of excessive force against persons such as Plaintiff, the final policymaker's

**EXHIBIT "B"**

involvement in the abuse and/or its failure to adequately train and supervise Defendants JOHN DOE I and JOHN DOE II so as to prevent harm to Plaintiff. Once Defendant was made aware of the conduct complained of herein, Defendant did nothing and ratified the actions of John Doe I and John Doe II.

51. The foregoing actions of Defendant were willful, wanton, and in reckless disregard of Plaintiff's rights.

52. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include bodily injury, physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

## COUNT V
### EIGHTH AMENDMENT VIOLATION-EXCESSIVE FORCE
(Against SHERIFF BOB JOHNSON)

53. Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count. This count is pled in the alternative.

54. This count sets forth a claim against Defendant for violation of the Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983. Defendant is a person under the applicable law.

55. Defendant, through its custom and practice of using excessive force against detainees like Plaintiff, used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause or lawful authority.

56. Defendant intended to damage Plaintiff, in that its harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

**EXHIBIT "B"**

57. The Defendant acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourteenth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

58. Defendant is liable, jointly and severally, to Plaintiff, for its conduct, individually and in concert, in violating Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

59. Defendant's misused their power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

60. The foregoing actions of Defendant were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

61. The use of excessive force by Defendant is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a criminal offense, and determines a cognizable claim in violation of the Fourteenth Amendment.

62. Defendant knew or should have known that its actions against Plaintiff were excessive given the clearly established law.

63. Based upon the facts presented to Defendant and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for the force used against Plaintiff. The law was settled and clearly established that the actions of Defendant constituted excessive force under the Fourteenth Amendment at the time the acts were engaged in.

64. The actions or inactions of Defendant, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendant knew of and disregarded

Plaintiff's rights, and thus Defendant's actions or inactions constituted the use of excessive force in violation of the Eighth Amendment.

65. Defendant was acting under color of state law at all pertinent times. Its use of excessive force violated the proscription thereof set forth in the Fourteenth Amendment. Defendant misused its power, possessed by virtue of state law and made possible only because of the authority of state law.

66. Defendant SHERIFF BOB JOHNSON is liable to Plaintiff hereunder due to the deliberate indifference of its training of its employees in proper police practices and the fact that a custom and practice of excessive force against persons such as Plaintiff, the final policymaker's involvement in the abuse and/or its failure to adequately train and supervise Defendants JOHN DOE I and JOHN DOE II so as to prevent harm to Plaintiff. Once Defendant was made aware of the conduct complained of herein, Defendant did nothing and ratified the actions of John Doe I and John Doe II.

67. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include bodily injury, physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

**COUNT VI**
**EIGHTH AMENDMENT VIOLATION-EXCESSIVE FORCE**
**(Against JOHN DOE I and JOHN DOE II)**

68. Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count. This count is pled in the alternative.

**EXHIBIT "B"**

69. This count sets forth a claim against Defendants for violation of the Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983. Defendants are persons under the applicable law.

70. Defendants used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause or lawful authority.

71. Defendant intended to damage Plaintiff, in that its harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

72. Defendants acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourteenth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware. The law was clearly established at the time of the incidents complained of herein that using excessive force, like that used in this case, on a detainee was unconstitutional.

73. Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

74. Defendants' misused their power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

75. The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

76. The use of excessive force by Defendants is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a criminal offense, and determines a cognizable claim in violation of the Fourteenth Amendment.

**EXHIBIT "B"**

77. Defendants knew or should have known that their actions against Plaintiff were excessive given the clearly established law.

78. Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement agency could have concluded that there existed any reasonable cause or legal basis for the force used against Plaintiff. The law was settled and clearly established that the actions of Defendants constituted excessive force under the Fourteenth Amendment at the time the acts were engaged in.

79. The actions or inactions of Defendants, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendant knew of and disregarded Plaintiff's rights, and thus Defendant's actions or inactions constituted the use of excessive force in violation of the Eighth Amendment.

80. Defendants were acting under color of state law at all pertinent times. Their use of excessive force violated the proscription thereof set forth in the Fourteenth Amendment. Defendants misused their power, possessed by virtue of state law and made possible only because of the authority of state law.

81. As a direct and proximate cause of Defendants; actions, Plaintiff has been damaged, which damages include bodily injury, physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

**EXHIBIT "B"**

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable. Dated this 14th day of November, 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF